UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORENA O. , <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C20-18-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER'S DECISION** |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erroneously (1) found her conditions do not meet or equal a listing at step three, (2) discounted her testimony, (3) discounted her husband's lay statement, and (4) failed to address a treating counselor's opinion.[1]  Dkt. 12 at 1.  As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 62 years old, has a master's degree, and previously worked as a mental health therapist.  Tr. 43, 252.  In September 2016, she applied for benefits, alleging

---

[1] Plaintiff also contends the ALJ erred at steps four and five. Because the Court finds the ALJ did not err in evaluating the evidence upon which the contention relies, the contention necessarily fails and need not be addressed separately.  Dkt. 12 at 16-17.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

disability as of January 1, 2011.² Tr. 186-92. Her application was denied initially and on reconsideration. Tr. 114-20, 122-27. The ALJ conducted a hearing in December 2018 (Tr. 34-84), and subsequently found Plaintiff not disabled. Tr. 15-28. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,³ the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date.

**Step two:** Plaintiff's asthma, thyroid disorder, and fibromyalgia are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.⁴

**Residual Functional Capacity ("RFC"):** Plaintiff can perform light work with additional limitations: she cannot work at unprotected heights or in proximity to hazards, such as heavy machinery with dangerous moving parts. She can frequently climb, stoop, kneel, crouch, and crawl. She cannot have concentrated exposure to respiratory irritants. She can meet ordinary and reasonable employer expectations regarding attendance, production, and workplace behavior, and can persist, focus, concentrate, and maintain adequate pace in two-hour increments.

**Step four:** Plaintiff could perform her past work: a composite job as a probation officer and marriage and family counselor.

**Step five:** In the alternative, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform as well.

Tr. 15-28.

//

//

//

---

² Plaintiff subsequently amended her alleged onset date to October 10, 2012. Tr. 38-39.

³ 20 C.F.R. §§ 404.1520, 416.920.

⁴ 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

**DISCUSSION**

A.  **Step Three**

Plaintiff contends the ALJ erred in failing to consider at step three whether her fibromyalgia meets or equals Listing 1.02(A) or 14.09(D).  The ALJ found Plaintiff does not meet or equal Listing 14.09(A)-(D), but did not address Listing 1.02A.  Tr. 20.  The Court finds Plaintiff has not established error in the ALJ's step-three findings, for the following reasons.

1.  **Legal standards**

Plaintiff bears the burden of proof at step three.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  A mere diagnosis does not suffice to establish disability.  *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).  "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'"  *Id*. at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*).  To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).  "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999); § 416.926 (a).  *See also Sullivan*, 493 U.S. at 531(to establish equivalency, claimant "must present medical findings equal in severity to *all* the criteria" for the listing).

The equivalence finding must be based on medical evidence.  *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).  A showing that the "overall functional impact" of the claimant's impairment is as severe as a listed impairment does not suffice to establish equivalence.  *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan*, 493 U.S. at 531).  "The reason for this is clear. Listed impairments are purposefully set at a high level of severity because 'the listings were

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 3

1 designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Id.*
2 (quoting *Sullivan*, 493 U.S. at 532).

### 2. Listing 1.02(A)

One of the requirements of Listing 1.02(A) (pertaining to major dysfunction of a joint) is the deformity must cause the inability to ambulate effectively. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02(A). The ALJ found Plaintiff had not shown that she cannot ambulate effectively, as defined in the regulations, and Plaintiff has not pointed to evidence that contradicts this finding. Tr. 20. Because Plaintiff has not shown she met or medically equaled all of the requirements of Listing 1.02(A), she has not shown harmful error in the ALJ's failure to address whether she met or equaled that listing. See *Mannion v. Comm'r of Social Sec. Admin.*, 2017 WL 5598810 at *4 (D. Or. Nov. 21, 2017) ("Absent identification of some medical evidence by Plaintiff that he satisfies *all* the listing criteria—including the durational requirement—the ALJ's failure to discuss it is harmless error at best."); *Browning v. Astrue*, 2010 WL 1511667, at *6 (D. Ariz. Apr. 15, 2010) (". . . [E]ven if the ALJ's discussion at step three was insufficient as it relates to either the heart or spinal impairments, this error was harmless because . . . the record is devoid of evidence establishing that [the claimant's] impairments met or equaled any listed impairment, and [the claimant] points the Court to none.").

### 3. Listing 14.09(D)

Plaintiff argues her fibromyalgia meets or equals Listing 14.09(D), contrary to the ALJ's finding. *See* Tr. 20. As with Listing 1.02(A), discussed above, Plaintiff fails to establish error because she has not established she meets or equals all of the requirements of Listing 14.09(D). Specifically, she has not shown she has a marked limitation in one of the following functional areas: activities of daily living, maintaining social functioning, or completing tasks in a timely

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4

1  manner due to deficiencies in concentration, persistence, or pace. *See* 20 C.F.R. Pt. 404, Subpt.
2  P, App. 1, § 14.09(D). The ALJ specifically found Plaintiff had no limitation in social
3  interaction and only a mild limitation as to concentration, persistence, or pace (Tr. 18), and listed
4  a wide variety of the activities Plaintiff engaged in (Tr. 19). Plaintiff's opening brief does not
5  point to any particular evidence showing she has a marked limitation in any of the functional
6  areas; her reply brief points only to her own subjective hearing testimony, which the ALJ
7  properly discounted (as explained *infra*). Thus, Plaintiff has failed to meet her burden to show
8  harmful error in the ALJ's finding that she does not meet or equal Listing 14.09(D).

9        Plaintiff also argues the ALJ erred in failing to comply with Social Security Ruling
10 ("SSR") 12-2p, but fails to explain how the ALJ's decision is inconsistent with the procedure set
11 out in this ruling for evaluating fibromyalgia. *See* SSR 12-2p, 2012 WL 3104869 (Jul. 25,
12 2012). Plaintiff also contends the ALJ erred in failing to call a medical expert to further develop
13 the record regarding whether her conditions met or medically equaled a listing (Dkt. 12 at 6
14 (citing SSR 17-2p)), but has not shown that this action was required under SSR 17-2p or any
15 other authority under the circumstances of this case. Accordingly, the Court finds Plaintiff has
16 not met her burden to show harmful legal error at step three.

17 **B.**    **Plaintiff's Testimony and Lay Testimony**

18       The ALJ discounted Plaintiff's testimony because (1) the objective medical evidence
19 shows her conditions are less functionally limiting than she alleges; and (2) Plaintiff's activities,
20 particularly her work and work-like activities, demonstrate her conditions are not as limiting as
21 she alleged. Tr. 21-25. The ALJ referenced these same reasons to discount Plaintiff's husband's
22 statements, because Plaintiff's husband described the same limitations Plaintiff described. Tr.
23 26. Plaintiff contends these reasons are not clear and convincing, as required in the Ninth Circuit

1  for discounting a claimant's testimony, and also are not germane reasons necessary in the Ninth

2  Circuit for discounting a lay statement.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir.

3  2014) (addressing the clear and convincing standard); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th

4  Cir. 1993) (addressing the germane standard).  The Court will address each of the ALJ's reasons

5  in turn.

6  **1.     Objective medical evidence**

7  Plaintiff argues the ALJ erred in pointing to normal objective findings as inconsistent

8  with her allegations, because fibromyalgia does not necessarily cause abnormal objective

9  findings.  Dkt. 12 at 14.  But the ALJ did not point merely to the lack of damage to Plaintiff's

10  joints, muscles, or other tissues; the ALJ instead focused on the normal objective findings

11  pertaining to Plaintiff's functionality, such as Plaintiff's normal gait, range of motion, motor

12  strength, muscle bulk, and reflexes, and lack of evidence of swelling, tenderness, or deformity.

13  Tr. 22.  The ALJ reasonably contrasted those normal findings with Plaintiff's report of severe

14  restrictions with lifting, standing, walking, and sitting.  *Id*.  Plaintiff fails to show the ALJ erred

15  in finding Plaintiff's allegations to be inconsistent with the evidence of her normal functioning,

16  or in discounting her allegations on that basis.  *See Carmickle v. Comm'r of Social Sec. Admin.*,

17  533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis

18  for rejecting the claimant's subjective testimony.").

19  **2.     Activities**

20  The ALJ detailed Plaintiff's household, work and work-like activity, and travel activities

21  that she found to be inconsistent with the limitations alleged by Plaintiff.  Tr. 23-25.  An ALJ

22  may rely on a claimant's activities that contradict the claimant's allegations as a reason to

23  discount the claimant's subjective complaints.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

2007). Plaintiff argues the ALJ erred in finding that certain activities contradicted her allegations, questioning the accuracy of certain parts of the ALJ's findings.

Specifically, Plaintiff argues although the ALJ found she had no problems with personal care, she did report needing her husband's help in getting to the toilet during bouts of severe pain. Dkt. 12 at 16 (citing Tr. 688). Indeed, Plaintiff did report occasional problems getting to the toilet in the reports cited by the ALJ for the proposition that Plaintiff had no problems with personal care. *See* Tr. 266, 301. Even if the ALJ erred in failing to acknowledge this limitation in her discussion of Plaintiff's home activities, the ALJ cited many other home activities that Plaintiff reported an ability to complete, such as driving, caring for her dog, preparing simple meals, doing laundry, washing dishes, vacuuming, cleaning the house, managing finances, shopping for groceries, reading and writing, watching television, and working on the computer. Tr. 24. Plaintiff's ability to participate in these activities contradicts Plaintiff's alleged inability to move and inability to stay focused/attentive. *See* Tr. 21.

Plainitff also argues although the ALJ pointed to Plaintiff's reports of an ability to dance and hike, she testified she engaged in these activities on a very limited basis. Dkt. 12 at 16. Plaintiff did not tell her providers she was as limited as she described at the hearing, however: instead, she described her hiking and yoga activities as evidence of improvement (Tr. 767), and a provider described Plaintiff as able to engage in "moderate activities" such as dancing (Tr. 788). Even after her knee pain began to interfere with hiking, she reported an ability to walk one mile on a flat surface, and her provider described her as "quite high functioning." Tr. 797-98. Plaintiff has not shown the ALJ misrepresented or misconstrued the record in this respect.

Plaintiff also argues although she did work and volunteer during the adjudicated period, those activities were limited by her absenteeism when bedridden with flares of fibromyalgia as

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 7

well as when she made mistakes due to "fibro fog." Dkt. 12 at 16. The ALJ acknowledged Plaintiff described having problems completing her work as a therapist, but also noted Plaintiff was not terminated from her job, which the ALJ interpreted to mean Plaintiff's problems "could not have been too noticeable." Tr. 24. This is a reasonable interpretation of the fact that Plaintiff quit her job on her own, rather than being terminated for performance problems. Certainly their might be more than one reasonable interpretation of Plaintiff's work and termination but as the Court cannot say the ALJ's interpretation is unreasonable, the Court must affirm the ALJ.

Plaintiff next points to her hearing testimony that her children came over once a week to help her perform chores at home. *See* Tr. 71. In other places in the record, however, Plaintiff reported being able to complete many household chores on her own. *See, e.g.*, Tr. 302, 688. Thus, substantial evidence supports the ALJ's finding that Plaintiff can complete many household activities, and Plaintiff has not identified error in the ALJ's decision in this respect. Tr. 24.

Lastly, Plaintiff argues the ALJ failed to explain why her ability to perform stretching exercises or travel for leisure contradict her allegation of disabling limitations. Dkt. 12 at 16. This argument is not entirely clear as to "stretching exercises": if Plaintiff is referring here to yoga, the ALJ noted Plaintiff reported an ability to practice yoga during the adjudicated period. Tr. 23-24. The practice of yoga is inconsistent to some degree with an allegation of an inability to move due to fibromyalgia pain. *See* Tr. 21. Furthermore, the ALJ explicitly contrasted Plaintiff's travel to Mexico, Hawaii, Costa Rica, Croatia and England[5] with her alleged limitations, noting that air travel and vacationing necessarily involved more sitting, standing, and

---

[5] Plaintiff testified at the hearing that she ultimately decided not to go on the trip to Croatia and England, but confirmed that she did travel to the other locations. Tr. 45, 47-50.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 8

walking than Plaintiff described herself as able to do.  Tr. 25.  The ALJ did not err in finding Plaintiff's travel activities to be inconsistent with her allegations of disabling limitations.

As the ALJ cited both inconsistent objective findings, as well as inconsistent activities, both of which are clear and convincing reasons to discount Plaintiff's subjective allegations, the Court affirms the ALJ's assessment of Plaintiff's testimony.  The ALJ referred to these same reasons to discount Plaintiff's husband's similar statements (Tr. 208-15).  Tr. 26.  Because Plaintiff's husband's statements describe similar limitations to those described by Plaintiff, and the ALJ provided valid reasons to discount Plaintiff's statements, it follows that the ALJ properly discounted Plaintiff's husband's similar statements.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

**C.   Unaddressed Hypnotherapist Opinion**

Plaintiff's treating hypnotherapist, Daniel Franklin Cummings, MA, LHMC, NCC, wrote a narrative letter in October 2018 describing Plaintiff's treatment for post-traumatic stress disorder ("PTSD") from October 2017 through April 2018.  Tr. 860.  He opined Plaintiff's PTSD exacerbates her fibromyalgia pain and that her pain "tends to be disabling."  *Id*.  Mr. Cummings opined it "would be very difficult for [Plaintiff] to reliably and safely hold a job."  *Id*.

The ALJ did not address Mr. Cummings' opinion in the decision.  Any error in the ALJ's failure to discuss this opinion is harmless because Mr. Cummings' opinion is based on six months of counseling, which does not meet the twelve-month durational requirement, and

because Mr. Cummings is not an acceptable medical source qualified to diagnose impairments. *See* 20 C.F.R. § 404.1521.

Moreover, Mr. Cummings' opinion does not describe any particular functional limitations. It does describe the existence of Plaintiff's pain, but the ALJ's decision addressed why the ALJ found Plaintiff retained the ability to perform work despite her pain. Tr. 21-26. Thus, no prejudice results from the ALJ's failure to address Mr. Cummings' opinion because it would not have altered the ALJ's ultimate determination. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination'"; the court looks to "the record as a whole to determine whether the error alters the outcome of the case" (cited sources omitted)).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 1st day of June, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge